

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-18-00132-CV
_____

### NATHAN JONES, APPELLANT

### V.

### ENERGEN RESOURCES CORPORATION
### AND DIALOG WIRELINE SERVICES, L.L.C., APPELLEES

On Appeal from the 385th District Court
Midland County, Texas
Trial Court No. CV52238; Honorable Robin Malone Darr, Presiding

January 29, 2020

## MEMORANDUM OPINION

### Before PIRTLE, PARKER, and DOSS, JJ.

This is an appeal from a summary judgment granted in favor of Appellees, Energen Resources Corporation and Dialog Wireline Services, L.L.C., arising out of a personal injury cause of action filed by Appellant, Nathan Jones, for personal injuries he sustained while working on an oil rig in Martin County. According to Jones's live pleadings, his cause of action against Energen was based on both negligence and premises liability

theories, whereas, his cause of action against Dialog was based on a negligence theory alone.

Energen filed an amended traditional and no-evidence motion for summary judgment contending that it was entitled to summary judgment because there were no material issues of fact that (1) it did not owe a duty of care to Jones and, therefore, it was not negligent with respect to his injuries and (2) it was not liable under a premises liability theory because, under chapter 95 of the Texas Civil Practice and Remedies Code, (a) it did not exercise or retain some control over the manner in which the work resulting in Jones's injuries was performed and (b) it had no actual knowledge of the danger or condition that resulted in Jones's injuries. Similarly, Dialog filed an amended traditional motion for summary judgment maintaining that it was not liable to Jones because (1) it did not owe him a duty of care and, therefore, it was not negligent with respect to his injuries and (2) it was not liable under a premises liability theory because, under chapter 95, it neither owned nor controlled the relevant premises or the complained-of equipment at the time of the accident.[1]

Following a ruling on objections to the summary judgment evidence both supporting and opposing the pending traditional and no-evidence motions for summary judgment, the trial court entered separate orders granting (1) Energen's amended traditional and no-evidence motion for summary judgment, (2) Energen's motion to modify its amended traditional and no-evidence motion for summary judgment, and (3) Dialog's

---

[1] At the time Dialog filed its traditional motion for summary judgment, Jones was asserting a premises liability cause of action against it. Jones later filed his *First Amended Petition* dropping that cause of action as to Dialog.

amended traditional motion for summary judgment. Jones timely filed his notice of appeal. By three issues, he contends the trial court erred by (1) granting summary judgment in favor of Energen and Dialog, (2) sustaining objections to the form of his summary judgment evidence, and (3) failing to allow him to amend his summary judgment evidence. We affirm the judgment of the trial court.[2]

### BACKGROUND

On July 15, 2014, Jones was an employee of Snubco USA, L.L.C., doing business as Snubco Pressure Control, Ltd., performing "snubbing operations"[3] on an oil rig owned by Key Energy Services. At that time, Energen was the lease operator and Key Energy Services and Snubco USA, L.L.C. were independent contractors. Randy Cobble, an independent contractor of New Prospect Company, another independent contractor, was the person in the field responsible for the day-to-day operations on the well. Energen relied on New Prospect Company and its subcontractors to drill, complete, and manage the well. Energen did not have an employee on sight to oversee operations and it had no present knowledge of any ongoing activities at the well.[4]

---

[2] Originally appealed to the Eleventh Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Eleventh Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[3] Snubbing is a type of heavy well intervention performed on oil and gas wells involving the insertion of drillpipe or tubular into the wellbore when the blowout preventers are closed, and pressure is contained in the well. *See Schulmberger Oilfield Glossary*, https://www.glossary.oilfield.slb.com/Terms/s/snubbing. aspx (last visited January 15, 2020).

[4] New Prospect Company did provide daily progress updates to Energen on the operations and activities that had taken place the preceding day.

In addition, Energen employed Dialog as an independent contractor to provide "wireline services"[5] when the snubbing work was complete. In connection with its services, Dialog provided a swivel with a "ball valve/nipple" for use on the rig during the snubbing operation. Prior to the accident, however, the Dialog ball valve/nipple was changed out with a Howco/Halco valve/nipple.[6] At the time of the accident, Jones was operating the snubbing unit when the Howco/Halco valve/nipple separated, allegedly due to faulty installation or operator error, and the pressurized "Kelly hose"[7] was allowed to fall, striking Jones in the face. In addition to the issue of the valve separation, Jones contends his injuries were caused by the fact that there was no "whipcheck" installed to prevent the Kelly hose from falling. At the time of the accident, the Kelly hose, the whipcheck (if any), the nipple, the swivel, and the drillpipe were all under the supervision and control of Snubco USA, L.L.C., in the course of performing its snubbing operations.

### SUMMARY JUDGMENT STANDARD OF REVIEW

We review a trial court's decision to grant summary judgment according to a *de novo* standard of review. *Cantey Hanger*, *LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we consider as true all evidence favorable to the nonmovant, and we

---

[5] "Wireline services" relate to any aspect of logging that employs an electrical cable to lower tools into the wellbore and to transmit data. *See Schulmberger Oilfield Glossary,* https://www.glossary.oilfield. slb.com/Terms/w/wireline.aspx (last visited January 15, 2020).

[6] The summary judgment evidence is unclear as to whether the swivel portion of the equipment provided by Dialog continued to be used. For the sake of the arguments presented, we will indulge a reasonable inference in Jones's favor that the swivel continued to be used.

[7] A "Kelly hose" is a large-diameter (three-to-five inches, inside diameter), high pressure flexible line used to connect the standpipe to the swivel. This flexible piping arrangement permits the Kelly hose to be raised or lowered while drilling fluid is pumped through the drillstring. *See Schulmberger Oilfield Glossary*, https://www.glossary.oilfield.slb.com/Terms/k/kelly_hose.aspx (last visited January 15, 2020).

indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A trial court properly grants a traditional motion for summary judgment when the movant has established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003).

In that regard, a defendant is entitled to summary judgment when, as a matter of law, it has negated at least one essential element of the plaintiff's cause of action or it has conclusively established each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Evidence is conclusive when reasonable people could not disagree in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant initially establishes a right to summary judgment on the issues expressed in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *City of Houston*, 589 S.W.2d at 678-79. When the trial court does not specify the grounds for its summary judgment, the appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co.*, 128 S.W.3d at 216.

In reviewing a no-evidence summary judgment, we consider all the evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not." *Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex. 2015) (per curiam) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)); *City of Keller*, 168 S.W.3d at 827. We will affirm a no-evidence summary judgment based on the negation of an essential element of the plaintiff's claim if the record shows one of the following: (1) there is no evidence on the challenged element, (2) the evidence offered to prove the challenged element is no more than a scintilla, (3) the evidence establishes the opposite of the challenged element, or (4) the court is barred by law or the rules of evidence from considering the only evidence offered to prove the challenged element. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *City of Keller*, 168 S.W.3d at 810.

### APPLICABLE LAW—NEGLIGENCE

In order to prevail on a negligence cause of action, a plaintiff must establish three essential elements: (1) a legal duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) damages proximately caused by that breach. *Kroger Co. v. Elwood,* 197 S.W.3d 793, 794 (Tex. 2006). The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff. *Centeq Realty v. Seigler*, 899 SW.2d 195, 197 (Tex. 1995); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). Whether the defendant owed a legal duty to the plaintiff is a question of law for the court to decide from the facts and circumstances surrounding the occurrence in question. *Golden Spread Council, Inc. No. 562 of the Boy Scouts of Am. v. Akins*, 926

6

S.W.2d 287, 289 (Tex. 1995); *Centeq Realty,* 899 S.W.2d at 197. In order to establish liability in a negligence cause of action, the plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant. *Centeq Realty,* 899 S.W.2d at 197.

APPLICABLE LAW—CHAPTER 95

Chapter 95 of the Texas Civil Practice and Remedies Code limits "a claim against a property owner for an independent contractor's personal injury, death, or property damage caused by negligence." *Abutahoun v. Dow Chemical Co.*, 463 S.W.3d 42, 48 (Tex. 2015). Section 95.003 provides as follows:

> A property owner in not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:
>
> (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and
>
> (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

TEX. CIV. PRAC. & REM. CODE ANN. § 95.003 (West 2019).[8]

The limiting provisions of section 95.003 apply "only to a claim . . . that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement." *See id.* at §

---

[8] All future references to "§" or "section" are references to the Texas Civil Practice and Remedies Code.

95.002(2). *See also Abutahoun*, 463 S.W.3d at 48. The Texas Supreme Court has interpreted the phrase "arising from," as used in this statute, to encompass an element of causation such that the occurrence in question must be "caused by, 'the condition or use of an improvement to real property where the contractor or subcontractor . . . modifies the improvement.'" *Id.*

**ANALYSIS**

We will address Jones's issues in a logical rather than sequential order. By his second and third issues, Jones contends the trial court erred by sustaining objections to the form of his summary judgment evidence and by failing to allow him an opportunity to amend his summary judgment evidence.

Here, the summary judgment evidence offered by Jones in response to Dialog's motion for summary judgment consisted of the evidence submitted by Energen and Dialog, as well as the affidavits of Danny Alexander and Eric Shephard (Snubco USA, L.L.C. employees), the deposition testimony of Randy Cobble and of Dean Stevens, two accident reports (Exhibits 53 and 57), and a Railroad Commission *Application for Permit to Drill.* In response to Energen's traditional and no-evidence motion for summary judgment, Jones offered the deposition testimony of Boyd Homes, two photos showing Jones's injuries, three accident reports (from Dialog, Key Energy Services, and Snubco USA, L.L.C.), two exhibits regarding Energen's well procedures (Exhibits 62 and 67), three emails, and Randy Cobble's Form 1099, in addition to the summary judgment offered in response to Dialog's motion for summary judgment. On November 16, 2017, the trial court sustained Energen's objections to (1) the affidavit of Eric Shephard, (2) the two photographs showing Jones's injuries, (3) Dialog's accident report, (4) Key Energy

8

Services's accident report, and (5) the two exhibits regarding Energen's well procedures, as well as Dialog's objections to (a) Exhibit 59 and (b) any reference to "Dialog's NON participation in connecting their equipment is negligence."

Assuming for the sake of argument that the trial court did err in granting Energen's and Dialog's objections to the form of Jones's summary judgment evidence or in denying Jones's request for leave to amend, we will review the trial court's ruling as if all of the summary judgment evidence submitted by Jones was properly before the trial court. As such, Jones's second and third issues are rendered moot.

By his first and primary issue, Jones contends the trial court erred in granting Energen's and Dialog's respective motions for summary judgment. Both Energen and Dialog contended that they did not owe Jones a duty alleged to be breached, and as such, they were not liable for any damages he may have sustained under a general claim of negligence.

The existence of a legal duty owed by one party to another is a question of law for the trial court to determine based on the facts and circumstances of the case. Here, the summary judgment evidence established that Energen was the owner of an interest in certain real property being developed for oil and gas production. Towards that goal, Energen retained New Prospect Company and its independent subcontractor, Randy Cobble, to oversee day-to-day drilling operations. A drilling rig owned by Key Energy Services, another independent contractor, was being used by New Prospect Company. As a part of the drilling process, Snubco USA, L.L.C. was retained to perform snubbing operations and Dialog was retained to provide wireline services following completion of

the snubbing. Jones, an employee of Snubco USA, L.L.C., was working on the rig while snubbing operations were being performed. During those operations, a Kelly hose became disengaged from either the nipple or the swivel connecting it to the drillpipe and the pressurized hose struck Jones in the face. At the time of the occurrence, there was either no whipcheck to prevent the Kelly hose from falling or the whipcheck being used was inadequate. Jones was severely injured as a result of being struck by the Kelly hose.

Jones contends that a duty was owed to him by Energen because, at the time of his injury, (1) he was working on property belonging to Energen and (2) he was working under the supervision and control of Energen. In response, Energen contends chapter 95 of the Texas Civil Practice and Remedies Code prevents it from being liable for any injuries caused by the condition or use of the oil rig, an improvement to real property, where Jones and/or Snubco USA, L.L.C. were subcontractors performing services which modified the improvement. Energen further contends that Jones was not working under the supervision or control of Energen.

The summary judgment evidence supports Energen's position that the persons and entities working on the well were independent contractors. Conversely, the summary judgment evidence fails to provide more than a scintilla of evidence establishing a direct supervisory or agency relationship between Energen and any of the other participants. Specifically, Jones's arguments that Energen exercised control over the snubbing operations finds no support in the summary judgment evidence. Accordingly, Jones has failed to establish a legal duty owed to him by Energen. Furthermore, because Energen did not exercise or retain control over the manner in which the snubbing work was to be

10

performed, other than the right to order the work to start or stop or to inspect progress and receive reports, it was not liable to Jones for the personal injuries he sustained while working on improvements to Energen's property as provided by section 95.003. Issue one is overruled as to Energen.

By his *First Amended Petition*, Jones contends that a duty was owed to him by Dialog because Dialog "provided the parts and equipment that caused the occurrence." While there was summary judgment evidence establishing that the nipple connecting the Kelly hose separated from the swivel and that the nipple being used was not the nipple provided by Dialog, it does appear that the swivel being used was provided by Dialog. However, with respect to the swivel, there was no summary judgment evidence indicating that it failed, was defective, or otherwise caused the nipple to separate. Jones specifically contends that Dialog "failed to inspect the equipment, failed to assist with the installation of the equipment, failed to provide suitable or reliable equipment and failed to warn the relevant people not to use their equipment." Finally, Jones alleged that Dialog was negligent for leaving its equipment "unsupervised and available" and for not having someone on site at the time of the occurrence. Nothing about providing a piece of equipment establishes any of these duties and Jones has not brought forth any summary judgment evidence that would give rise to any such duty. Because Dialog did not owe a duty to Jones, the trial court did not err in granting summary judgment in Dialog's favor. Issue one is overruled as to Dialog.

**CONCLUSION**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice